IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KALINARDO VISHANTI CHARLES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY COURTHOUSE | : | |
| OFFICE OF THE CLERK, <u>et al.</u>, | : | |
| | : | NO. 10-3243 |
| Defendants. | : | |

## **<u>ORDER</u>**

AND NOW, this     , day of          , 2011, upon consideration of Renee Foulds' Motion to Dismiss the Amended Complaint, it is hereby ORDERED that the Motion is GRANTED and the Amended Complaint against Renee Foulds is DISMISSED.

_____
C. DARNELL JONES, II, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KALINARDO VISHANTI CHARLES,    :        CIVIL ACTION
            :
     Plaintiff,                 :
            :
            v.            :
            :
DELAWARE COUNTY COURTHOUSE    :
OFFICE OF THE CLERK, et al.,      :
            :        NO. 10-3243
     Defendants.          :

**RENEE FOULDS' MOTION TO DISMISS**

Defendant, Renee Foulds, pursuant to Fed. R. Civ. P. 12(b)(6), by her attorney, Anthony

P. Venditti, Deputy Attorney General, hereby moves the Court to dismiss Plaintiff's Amended

Complaint.  This motion is supported by the attached Memorandum of Law.

WHEREFORE, Plaintiff's Amended Complaint should be dismissed.


                     LINDA L. KELLY
                     ATTORNEY GENERAL

        BY:    s/s Anthony P. Venditti
                     ANTHONY P. VENDITTI
                     Deputy Attorney General
                     Identification No. 88879

Office of Attorney General         Susan J. Forney
21 South 12th Street, 3rd Floor     Chief Deputy Attorney General
Philadelphia, PA 19107-3603      Civil Litigation Section
(215) 560-2940 (tel)
(215) 560-1031 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KALINARDO VISHANTI CHARLES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY COURTHOUSE | : | |
| OFFICE OF THE CLERK, et al., | : | |
| | : | NO. 10-3243 |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
RENEE FOULDS' MOTION TO DISMISS**

**I.     INTRODUCTION**

Kalinardo Vishanti Charles brings this pro se Amended Complaint pursuant to 42 U.S.C.

§ 1983.  He claims that on February 4, 2009, he completed his Pennsylvania minimum sentence

while serving concurrent prison time in New Jersey. Amended Complaint, ¶ 9.  Once he finished

his New Jersey sentence, Plaintiff was moved to the Pennsylvania State Correctional Institution

at Coal Township ("Coal Township") where he asked Counselor Renee Foulds when he was

going to have his first parole hearing. Id., at ¶ 10.  He claims that she told him he was not eligible

for parole until he completed treatment programs. Id  Plaintiff alleges that Foulds had a duty to

correct the Pennsylvania Board of Probation and Parole's ("the Board") "scheduling error" that

he feels occurred and which deprived him of his first parole hearing. Id., at ¶ 11.

In October, 2009, Plaintiff was transported to George W. Hill Correctional Facility in

Delaware County to resolve several issues with his Pennsylvania convictions.  Id., at 13.  While

there, Plaintiff alleges that he wrote a letter to the Board requesting a parole hearing. Id., at ¶ 14.

Charles claims that some unidentified person from the Board told him that he would need to

return to his home institution, Coal Township, before they would schedule a new hearing. Id. Plaintiff claims that he wrote to Delaware County Court of Common Pleas Judge, Gregory Mallon, who responded with an order directing the Delaware County Sheriff's Department to return Plaintiff to state custody. Id., at ¶ 15.  Plaintiff alleges that despite the judge's order to return him to Coal Township, he remained in Delaware County for several more months. Id. Plaintiff claims to have filed a Habeas corpus petition challenging his continued detention in Delaware County. Id., at ¶ 20.

He now sues Renee Foulds and several unnamed individuals associated with The Delaware County Sheriff's Department and the county prison for damamges. Id., at ¶¶ 22-24, 27-29.  Plaintiff claims Constitutional violations of Article I, Section 9, the First, Eighth, and Fourteenth Amendments and seeks damages only. Id. at ¶¶ 27-29.  Foulds now moves to dismiss the Amended Complaint.

## II.     ARGUMENT

### A.     Standard Applicable To Rule 12(b)(6) Motion

A motion to dismiss should be granted "if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). See Christopher v. Harbury, 536 U.S. 403, 406 (2002).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009).  While "detailed factual allegations" are not

required, more is demanded than "an unadorned, the-defendant-unlawfully-harmed- me accusation." Twombly, 550 U.S. at 555.

The tenet that a court must accept as true all the complaint's allegations is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft, 129 S.Ct. at 1950.  "A court is not bound to accept as true a legal conclusion couched as a factual allegation." Id.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss. Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id.

**B.      Plaintiff's Claims Are Barred By Heck v. Humphrey.**

In this § 1983 suit, Charles challenges the length of his sentence by alleging that he was unlawfully held past his minimum date. Amended Complaint, ¶ 12.  He claims that he filed a petition for habeas corpus involving his continued detention in Delaware County. Id., at ¶ 20.  He fails to allege that the fact or duration of his sentence has been impugned or invalidated by any tribunal.

It is well settled that when a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. Williams v. Consovoy, 453 F. 3d 173, 177 (3d Cir. 2006), citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Thus, in Heck v. Humphrey, 512 U.S. 477 (1994), an inmate brought a § 1983 action for damages against local and state law enforcement officers alleging that his conviction violated his constitutional rights. The Court held that

> in order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct appeal, expunged

by executive order, declared invalid by a state tribunal authorized to make
such determination, or called into question by a federal court's issuance of a
writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that
relationship to a conviction or sentence that has not been so invalidated is not
cognizable under § 1983.   Thus, when a state prisoner seeks damages in a
§ 1983 suit, the district court must consider whether a judgment in favor of
the plaintiff would necessarily imply the invalidity of his conviction or
sentence;  if it would, the complaint must be dismissed unless the plaintiff
can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 482. See also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("a prisoner in state

custody cannot use a § 1983 action to challenge the fact or duration of his confinement");

Williams, 453 F. 3d at 177 (Heck held that "where success in a § 1983 action would implicitly

call into question the validity of a conviction or duration of a sentence, the plaintiff must first

achieve favorable termination of his available state or federal habeas corpus remedies to

challenge the underlying conviction or sentence.").  Consequently, "a state prisoner's § 1983

action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

prison proceedings)--if success in that action would necessarily demonstrate the invalidity of the

confinement or its duration." Id., quoting Wilkinson, 544 U.S. at 81-82.

        Here, Plaintiff does not allege that his sentence of incarceration has been reversed on

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or otherwise called into question by a court's issuance of a writ of habeas corpus.

See Heck, 512 U.S. at 489.  Although he acknowledges that he filed a petition for Habeas

Corpus, that petition surrounds his continued detention in Delaware County and fails to state its

disposition.  Success in this action would "necessarily demonstrate" that Charles' term of

incarceration was the result of unconstitutional detention.  By asserting that defendants illegally

held him past his minimum sentence date, Charles seeks damages for the time of his allegedly

unlawful confinement.  A judgment in his favor would demonstrate the invalidity of the duration

of his confinement since he alleges a period of unlawful incarceration.  As a result, Plaintiff's

claim must be dismissed.

      **C.**      **Plaintiff Is Not Entitled To Relief On His <u>Ex Post Facto</u> Claim.**

      Plaintiff alleges violation of the <u>Ex Post Facto</u> Clause.  The <u>Ex Post Facto</u> Clause applies

to statutory or policy changes that retroactively alter the definition of a crime or increase the

punishment for criminal acts. <u>California Dept. Of  Corrections v. Morales</u>, 514 U.S. 499, 504-

505 (1995).  To be eligible for relief based on a violation of the <u>Ex Post Facto</u> Clause, a

petitioner must show both a retroactive change in law or policy and that this change caused

individual disadvantage by creating "a significant risk of increasing his punishment." <u>Richardson</u>

<u>v. Pennsylvania Board of Probation and Parole</u>, 423 F.3d 282, 284 (3d Cir. 2005).  As to the

second prong of the <u>Ex Post Facto</u> inquiry, Plaintiff must establish that the retroactive statutory

or policy changes negatively affected his parole determination. <u>Id</u>., 423 F.3d at 291-92.  If a

statutory change does not prejudicially affect the substantive rights of the parties and is merely

procedural or remedial in nature, it does not offend the <u>Ex Post Facto</u> prohibition. <u>Dobbert v.</u>

<u>Florida</u>, 432 U.S. 282, 293 (1977).

      Here, Plaintiff does not point to any applicable statutory or policy changes that

retroactively altered the definition of a crime or increased the punishment for his criminal acts.

Neither does he point to any retroactive statutory or policy changes that negatively affected his

parole determination.  As a result, this claim must fail.

**D.      Plaintiff Has Failed To State An Access To Courts Claim.**

Plaintiff claims that his right to access the courts was violated when Foulds, a Department of Corrections counselor, refused to correct an alleged administrative error that caused the Board to fail to schedule him for a parole hearing. Amended Complaint, ¶¶ 11, 22.

The Supreme Court acknowledges the right of access to courts.  See Bounds v. Smith, 430 U.S. 817, 821 (1977); Lewis v. Casey, 518 U.S. 343, 351 (1996).  Although ordinarily raised as a First Amendment claim, the right of access to courts has been held to be grounded in a number of constitutional provisions, including the Fourteenth Amendment Due Process Clause. See Christopher v. Harbury, 536 U.S. 403, 415 n. 12 (2002).  In Lewis, 518 U.S. at 352-53, the Supreme Court held that a convicted prisoner must allege (1) actual or truly imminent injury to a (2) non-frivolous underlying claim.  A deprivation of a frivolous claim does not deprive the litigant of any rights.  Id. at 353, n.3.

In Christopher, 536 U.S. at 415, the Supreme Court held that the inmate must establish an actual injury or lost remedy, regardless of whether there is an ongoing obstruction to a prospective claim or, because of a past obstruction, the claim can no longer be brought.  The Court emphasized that the right to access is ancillary to an underlying claim that the plaintiff wishes or wished to bring to court. Id.   The plaintiff must describe that underlying claim in the complaint and it must be "non-frivolous" or "arguable." Lewis, 518 U.S. at 353 and n.3.  "A complaint alleging an access to court claim must plead the merits of the underlying claim that the plaintiff has been denied access to with specificity in order to survive a Rule 12(b)(6) motion to dismiss." Haymes v. Nardolillo, C.A. No. 06-5409, 2006 WL 862737 at * 4 (E.D. Pa. March 31, 2008), citing Christopher, 536 U.S. at 415-417.

Here, Plaintiff alleges that he was denied a parole hearing after he completed his minimum sentence. Complaint, ¶ 9.  He does not claim that he was denied a valid post-conviction claim in any court.  Since Plaintiff is not arguing that he was denied access to court but rather to the parole process, this allegation in the Amended Complaint against the Commonwealth defendants should be dismissed.

### E.      Plaintiff Has Failed To Allege An Eighth Amendment Violation.

Plaintiff generally asserts an Eighth Amendment claim against Foulds.  The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. Const. amend.VIII.  The Eighth Amendment governs the treatment received by prisoners after they have been incarcerated.  See Farmer v. Brennan, 511 U.S. 825, 823 (1994).  More recent cases have held that the Amendment proscribes more than physically barbarous punishments. Estelle v. Gamble, 429 U.S. 97, 102 (1976).  The Amendment also proscribes punishments grossly disproportionate to the severity of the crime, Gregg v. Georgia, 428 U.S. 153, 173 (1976); Weems v. United States, 217 U.S. 349, 367 (1910), and establishes the government's obligation to provide medical care for those whom it is punishing by incarceration. Estelle, 429 U.S. at 103.

Nowhere in the Amended Complaint does Plaintiff allege any facts that implicate cruel or unusual punishment.  He merely claims that Foulds had a duty to correct scheduling errors even though she is a Department of Corrections employee and the alleged error was made by the Board. Amended Complaint, ¶ 11.  The treatment claimed by Plaintiff is not the type and does not rise to the level and scope necessary to invoke the Eighth Amendment.  Plaintiff does not allege that he was the victim of physical or psychological injury or was refused medical treatment while incarcerated.  Despite giving the Amended Complaint its most favorable reading

in consideration of pleading standards, Charles does not allege that Foulds' actions were such that they implicated Eighth Amendment protection.  Because the Amended Complaint fails in this regard, Plaintiff's Eighth Amendment claim should be dismissed.

      **F.**     **Plaintiff Has No Protected Liberty Interest In The Grant Of Parole And Has Not Alleged A Fourteenth Amendment Violation.**

Plaintiff is mistaken that merely becoming eligible for parole gives him any right to actual release on parole. The Supreme Court has made clear that the Fourteenth Amendment does not require due process unless the state interferes with a protected life, liberty or property interest. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); <u>Ohio Adult Parole Auth. v. Woodard</u>, 523 U.S. 272, 279-286 (1998); <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454, 459, 460 (1989); <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-471 (1983).  Liberty interests may arise directly from the Constitution, although the Constitution does not by itself give a convict a protected liberty interest in parole. <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); <u>McCrery v. Mark</u>, 823 F.Supp. 288, 293 (E.D. Pa. 1993).

State law may create liberty interests protected by the Due Process clause. <u>See</u> <u>Sandin</u>. However, these interests will generally be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin,</u> 515 U.S. at 483.  A decision to require an imprisoned convict to remain in prison for the duration of his prison sentence does not impose an atypical hardship on the prisoner in relation to the ordinary incidents of a prison

sentence. <u>See</u> <u>Orellana v. Kyle</u>, 65 F.3d 29 (5th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 1059 (1996).

Typically, prison sentences are served in prison.

Even if continued imprisonment under a prison sentence is considered atypical, a convict

has no state-created protected liberty interest in parole unless state laws mandate parole upon

satisfaction of specific substantive criteria. <u>Greenholtz</u>, 442 U.S. at 11, 12; <u>Connecticut Board of</u>

<u>Pardons v. Dumschat</u>, 452 U.S. 458 (1981). <u>See</u> <u>Kentucky Dept. of Corrections</u>, 490 U.S. at 461-

463; <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983).  These holdings reflect the Supreme

Court's fundamental rule that before the Constitution protects an interest defined by state law, the

claimant must "have more than a unilateral expectation of it.  He must, instead, have a legitimate

claim of entitlement to it." <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577 (1972).

The Pennsylvania statute on procedures for parole confers complete discretion upon the

Board to deny parole.  The law provides:

> The board is hereby authorized to release on parole any convict
> confined in any penal institution of this Commonwealth as to
> whom power to parole is herein granted to said board, except
> convicts condemned to death or serving life imprisonment,
> whenever in its opinion the best interests of the convict justify or
> require his being paroled and it does not appear that the interests of
> the Commonwealth will be injured thereby…  The power to parole
> herein granted to the Board of Parole may not be exercised in the
> board's discretion at any time before, but only after, the expiration
> of the minimum term of imprisonment fixed by the court in its
> sentence.

61 P.S. § 331.21(a).  <u>See</u> 61 P.S. § 331.21(c) (relating to re-parole)

Moreover, the Board has complete discretion to attach special conditions to release on

parole. 61 P.S. § 331.23 provides

> The board shall have the power, and it shall be its duty, to make
> general rules for the conduct and supervision of persons heretofore
> or hereafter placed upon parole. In addition to the power to make
> general rules and regulations hereby granted, the board may, in
> particular cases, as it deems necessary to effectuate the purpose of

parole, prescribe special regulations for particular parolees.

Although a state's statutory scheme for parole may create a liberty interest under the Due Process Clause, it is well-settled that in Pennsylvania the grant of parole is not a protected liberty interest and a prisoner has no entitlement to release from confinement prior to the expiration of his maximum term of imprisonment. Thorpe v. Grillo, 80 Fed. Appx. 215, 219 (3d Cir. 2003) (per curiam), cert. denied,124 S.Ct. 2882 (2004). See  Weaver v. Pennsylvania Board of Probation and Parole, 688 A.2d 766, 770 (Pa.Commw.Ct. 1997). See also Burkett, 89 F.3d at 139; Reider v. Pennsylvania Board of Probation and Parole, 100 Pa. Cmwlth. 333, 514 A.2d 967, 971 (Pa.Commw.Ct. 1986).  Because Plaintiff is merely eligible for parole after completing his minimum term of incarceration, no Fourteenth Amendment right has been triggered and this claim should be dismissed.

## III.     CONCLUSION

For all of the reasons stated above, Foulds requests that her Motion to Dismiss Plaintiff's Amended Complaint be granted.

LINDA L. KELLY
ATTORNEY GENERAL

BY:     s/s Anthony P. Venditti
ANTHONY P. VENDITTI
Deputy Attorney General
Identification No. 88879

Susan J. Forney
Chief Deputy Attorney General
Civil Litigation Section

Office of Attorney General
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
Telephone: (215) 560-2940
Facsimile  : (215) 560-1031

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KALINARDO VISHANTI CHARLES,　　　:　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiff,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
DELAWARE COUNTY COURTHOUSE　　　:
OFFICE OF THE CLERK, et al.,　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　　　NO. 10-3243
　　　Defendants.　　　　　　　　　　　:

**CERTIFICATE OF SERVICE**

I, Anthony P. Venditti, Deputy Attorney General, hereby certify that on, Defendant's

Motion to Dismiss has been filed electronically and is available for viewing and downloading

from the Court's Electronic Case Filing System. The ECF System's electronic service of the

Notice of Electronic Case Filing constitutes service on all parties who have consented to

electronic service.  I further certify that a true and correct copy of same was mailed on June 13,

2011, by first class mail, postage prepaid to:

　　　Kalinardo Vishanti Charles
　　　HY7833
　　　SCI Coal Township
　　　1 Kelly Drive
　　　Coal Township, PA 17866-1020


　　　　　　　　　　　　　　　　　BY:　　s/s Anthony P. Venditti
　　　　　　　　　　　　　　　　　　　　ANTHONY P. VENDITTI
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General

13